**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1504**

SAMUEL RICHARD BHIMANPALLI; RAVINDER RUFUS BHIMANPALLI;
RITA BHIMANPALLI; REBECCA RICHARD BHIMANPALLI; RODHA RACHEL
BHIMANPALLI,

Petitioners,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: November 20, 2012      Decided: November 30, 2012

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

Anser Ahmad, ADVANCED IMMIGRATION LAW GROUP, Harrisburg,
Pennsylvania, for Petitioners. Stuart F. Delery, Acting
Assistant Attorney General, Leslie McKay, Assistant Director,
Sara J. Bergene, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Richard Bhimanpalli, Ravinder Rufus Bhimanpalli, Rita Bhimanpalli, Rebecca Richard Bhimanpalli and Rodha Rachel Bhimanpalli, natives and citizens of India, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying their applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

The asylum applications were denied because the applications were not timely filed and the Petitioners failed to show changed country conditions or extraordinary circumstances that would excuse the late filings. Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. Thus, this court has held that it lacks jurisdiction over an asylum claim that was denied as untimely. Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007). This court has also held that it lacks jurisdiction to review the immigration judge's discretionary determination based on factual circumstances that the alien failed to establish

2

changed or extraordinary circumstances excusing the late filing of the asylum application. Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009) ("We join the majority of courts who have reached this issue and hold that we lack jurisdiction to review the immigration judge's discretionary determination, as affirmed by the BIA, that Gomis had not demonstrated changed or extraordinary circumstances to excuse her untimely filing.").

Although 8 U.S.C. § 1252(a)(2)(D) (2006) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this Act . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," the question of whether the Petitioners timely filed their asylum application is a question of fact, and therefore is not affected by § 1252(a)(2)(D).

We conclude that the Petitioners' claim that they were denied due process in this instance on the basis that the immigration judge determined that the applications were untimely before a hearing taking evidence is without merit. The record clearly shows that the immigration judge heard evidence on this issue and rendered a decision that was supported by the evidence. Accordingly, having disposed of the Petitioners' due process claim, this court does not have jurisdiction to review the factual finding that the Petitioners failed to show changed

country conditions or extraordinary circumstances, and we dismiss in part the petition for review.

An alien who has filed an untimely asylum application is still potentially eligible for the relief of withholding of removal. To establish eligibility for withholding of removal, an alien must show a clear probability that, if she was removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). If the applicant establishes past persecution, it is presumed that her life or freedom would be threatened on account of a protected ground. 8 C.F.R. § 1208.16(b)(1) (2012). A determination regarding eligibility for withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Persecution is an "extreme concept" and may include actions less severe than threats to life or freedom but must rise above mere harassment. Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005). "A key difference between persecution and less-severe mistreatment is that the former is 'systematic' while the latter consists of isolated incidents." Baharon v.

4

Holder, 588 F.3d 228, 232 (4th Cir. 2009). The Board is instructed to look at all incidents in the aggregate, including violence or threats to family members, to determine if there is past persecution, rather than looking at each incident in isolation. Id.

The Petitioners claim that they suffered past persecution. They further claim that even if they did not show past persecution, they did show a clear probability of persecution if they returned to India based on a pattern or practice of persecuting Christians. To succeed on a pattern or practice claim, the Petitioners must show that there is a pattern or practice of persecution of persons similarly situated to them and that it is more likely than not that their life and freedom would be threatened upon their return because they are members of the group. See 8 C.F.R. § 208.16(b)(2)(i) (2012). The Petitioners must show that the persecution is "thorough or systemic." Yong Hao Chen v. INS, 195 F.3d 198, 203 (4th Cir. 1999).

We have reviewed the record and conclude that substantial evidence supports the finding that the Petitioners did not establish that they were the victims of past persecution

or that there is a pattern or practice of persecuting Christians in India.[*]

The Petitioners also claim that they were eligible for relief under the CAT. To qualify for protection under the CAT, a petitioner bears the burden of showing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). To state a prima facie case for relief under the CAT, the Petitioners must show that they will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2012); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). "A public official acquiesces to torture if, 'prior to the activity constituting torture, [the official] ha[s] awareness of such activity and thereafter breach[es] his or her legal responsibility to intervene to prevent such activity.'" Lizama v. Holder, 629 F.3d 440, 449 (4th Cir. 2011) (quoting 8 C.F.R. § 1208.18(a)(7) (2012)).

---

[*] In their brief, the Petitioners argue that in the absence of past persecution, they nonetheless established a well founded fear of persecution necessary to show eligibility for asylum. This argument is moot in light of the fact that this court does not have jurisdiction to review the denial of asylum.

We conclude that substantial evidence supports the finding that it is not more likely than not that the Petitioners face torture by or at the acquiescence of the Indian public officials. We recognize that the record contains evidence of numerous incidents of harassment, persecution and even torture of Christians, particularly pastors, ministers and nuns. We cannot conclude, however, that the record compels a finding that government officials caused or breached their responsibility to intervene to prevent such activity.

The Petitioners also claim they were denied due process because the immigration judge (1) consolidated their cases at their request despite indicating a lack of time to hear all the cases at once; (2) decided that the asylum applications were untimely before hearing evidence; and (3) decided that the Petitioners did not qualify for CAT relief before hearing the evidence. We have reviewed the record and conclude that the Petitioners were not denied due process. It is clear from the record that the immigration judge gave the Petitioners all the time they needed in order to present their case. It is further clear that the immigration judge made relevant findings of fact only after hearing the evidence offered in support of the Petitioners' claims.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the

7

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART